O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ADAN ROSALES GONZAGA,<br><br>    Defendant. | Case Nos.:<br>    EDCV 11-01073 VAP<br>    ***EDCR 08-00199 VAP - 2***<br><br>**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255**<br><br>**[Motion filed on July 13, 2011]** |

### I. SUMMARY OF PROCEEDINGS

On July 13, 2011, Defendant Adan Rosales Gonzaga filed a "Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, 28 U.S.C. § 2255." ("Mot."). (Doc. No. 112.)[1] On January 9, 2012, the Court modified the briefing schedule for Defendant's Motion, permitting the Government to file its Opposition by January 13, 2012, and Defendant to file his Reply by

---

[1] Many of the documents filed in support appear on both the civil docket for this case, ED CV 11-01073 VAP, and on the docket for the underlying criminal case, United States v. Gonzaga, et al., ED CR 08-00199 VAP - 2. Unless otherwise noted, all citations to docket numbers refer to the criminal case docket.

February 24, 2012. On January 13, 2012, the Government filed its Opposition to the Motion ("Opp'n"), accompanied by the Declaration of Antoine F. Raphael and attached exhibits. Defendant did not file a Reply.

## II. BACKGROUND

On October 8, 2008, a federal grand jury in this district returned a seven-count indictment charging Defendant with:

(1) conspiracy to possess narcotics with intent to distribute, in violation of 21 U.S.C. § 846;

(2) manufacturing 1,000 or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); 18 U.S.C. § 2(a);

(3) manufacturing 1,000 or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); 18 U.S.C. § 2(a);

(4) intentionally possessing with intent to distribute a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); 18 U.S.C. § 2(a);

(5) intentionally possessing with intent to distribute a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); 18 U.S.C. § 2(a);

|     |                                                                      |
| --- | -------------------------------------------------------------------- |
| 1   |     (6) possessing a firearm during and in relation to |

```
 1              (6) possessing a firearm during and in relation to
 2                  and in furtherance of a drug trafficking crime,
 3                  in violation of 18 U.S.C. §§ 924(c)(1)(A) and
 4                  (2)(a); and
 5              (7) possessing multiple firearms during and in
 6                  relation to and in furtherance of a drug
 7                  trafficking crime, in violation of 18 U.S.C.
 8                  §§ 924(c)(1)(A) and (2)(a).
```

(Indictment (Doc. No. 11).) On February 2, 2010, Defendant signed a plea agreement with the Government, agreeing to plead guilty to Counts One and Six of the Indictment. (Plea Agreement (Doc. No. 55 ¶ 2).) On February 16, 2010, the Court, the Honorable Richard A. Paez, Circuit Judge (sitting by designation) presiding, held a change-of-plea hearing for Defendant wherein Defendant changed his plea from "not guilty" to "guilty" for Counts One and Six. (See Min. of Change of Plea Hr'g. (Doc. No. 59).)

On July 20, 2010, the Court sentenced Defendant to 120 months incarceration on Count One, and 60 months on Count Six, to be served consecutively. (J. & Commitment Order (Doc. No. 94).)

Defendant filed his notice of appeal on August 3, 2010 (Doc. No. 97), and the Ninth Circuit affirmed his sentence on November 8, 2011. See United States v.

Gonzaga, No. 10-50369, 2011 WL 5357535 (9th Cir. Nov. 8, 2011).

### III. LEGAL STANDARD

Section 2255 authorizes the Court to "vacate, set aside or correct" a sentence of a federal prisoner that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Claims for relief under § 2255 must be based on some constitutional error, jurisdictional defect, or an error resulting in a "complete miscarriage of justice," or in a proceeding "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783-84 (1979). If the record indicates clearly that a petitioner does not have a claim or that he has asserted "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986); see also United States v. Chacon-Palomares, 208 F.3d 1157, 1159 (9th Cir. 2000) ("When a prisoner files a § 2255 motion, the district court must grant an evidentiary hearing 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" (quoting 28 U.S.C. § 2255)).

## III. DISCUSSION

In his Motion, Defendant raises two grounds he contends entitle him to relief. First, he argues he "did not 'use' or 'carry' a firearm within the meaning of [§] 924(c)(1), because he did not 'actively employ' a firearm as defined in [United States] v. Bailey, 516 U.S. 137 (1995)." (Mot. at 5.) Second, Defendant contends he was "unlawfully induced" to change his plea from "not guilty" to "guilty." (Mot. at 7.)

**A.  Defendant's First Ground for Relief**

Relying on United States v. Bailey, Defendant contends he did not "actively employ" a firearm, and thus did not "use" or "carry" a firearm within the meaning of 18 U.S.C. § 924(c)(1)(A), which requires a minimum consecutive sentence of five years imprisonment for anyone who "during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm." Defendant's argument fails for several reasons.

First, "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that

he is actually innocent." Id. at 622 (internal citations omitted). A defendant can demonstrate "cause" by showing "that some objective factor external to the defense impeded his adherence to the procedural rule." United States v. Skurdal, 341 F.3d 921, 925 (9th Cir. 2003) (citation and internal quotation omitted).

Here, a review of Defendant's opening brief filed with the Ninth Circuit for his direct appeal reveals that he did not raise this issue on appeal. (See Gonzaga, No. 10-50369, Opening Br. (Doc. No. 16) at 2.) Hence, as Defendant did not raise this issue in his direct appeal, he has procedurally defaulted this claim. Bousley, 523 U.S. at 621; Skurdal, 341 F.3d at 925 ("'If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error.'" (quoting United States v. Johnson, 998 F.2d 941, 945 (9th Cir. 1993))). Moreover, as Defendant has offered no evidence demonstrating "cause," "prejudice," or that he is "actually innocent," he is procedurally barred from maintaining his first claim.

Second, even assuming Defendant did not procedurally default on his first claim, the claim fails on the merits, as the case he relies upon, United States v.

Bailey, is no longer good law. In Bailey, the Court held that "mere possession" of a firearm was insufficient to trigger the penalty provision in § 924(c)(1), and reasoned that "use" of a firearm as specified in § 924(c)(1) "must connote more than mere possession of a firearm by a person who commits a drug offense." 516 U.S. at 143. The Court therefore "h[e]ld that § 924(c)(1) requires evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." Id.

In 1998, three years after the Court decided Bailey, Congress "added the word 'possesses' to the principal paragraph" of § 924(c), in an "amendment [that] was colloquially known as the 'Bailey Fix Act.'" United States v. O'Brien, 560 U.S. ___, 130 S. Ct. 2169, 2179 (2010) (citing 144 Cong. Rec. 26608 (1998) (remarks of Sen. DeWine)). Hence, by amending § 924(c), "the Legislature brought possession within the statute's compass." Abbott v. United States, 560 U.S. ___, 131 S. Ct. 18, 25 (2010) (citing O'Brien, 130 S. Ct. at 2179).

Here, Defendant committed the crimes charged in 2008, after § 924(c) was amended. Moreover, in Defendant's Plea Agreement, he admitted that he:

> possessed at the Cultivation Site the following item[] used in furtherance of [his] agreement to manufacture and possess with intent to distribute marijuana plants and marijuana: . . . (3) a Norinco SKS 7.62 x 39 rifle, Serial No. 22045280, modified pistol grip with stock removed.

(Plea Agreement at 7-8.) Thus, as the amended version of § 924(c) applied when Defendant committed the crimes, and Defendant admitted that he "possessed" the firearm in his Plea Agreement, the Government did not need to demonstrate Defendant "actively employed" the firearm for § 924(c) to apply; possession alone was sufficient. Accordingly, Defendant's reliance on Bailey is misplaced and his sentence for violating § 924(c) was proper.

The Court therefore DENIES Defendant's Motion as to his first ground for relief.

**B. Defendant's Second Ground for Relief**

Defendant next contends he was "unlawfully induced" by unspecified threats of force or fear to enter a guilty plea. (Mot. at 7.) This argument also fails.

It is well established that criminal defendants are "barred from using a § 2255 motion to relitigate issues decided on direct appeal." United States v. Ramirez, 327 F. App'x 751, 752 (9th Cir. 2009) (citing United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985)); see also Sun Bear v. United States, 644 F.3d 700, 702 (8th Cir. 2011) ("With rare exceptions, § 2255 may not be used to

relitigate matters decided on direct appeal." (citing Davis v. United States, 417 U.S. 333, 346-47 (1974)); Yick Man Mui v. United States, 614 F.3d 50, 55 (2d Cir. 2010) ("[A] Section 2255 petitioner may not 'relitigate questions which were raised and considered on direct appeal.'" (quoting United States v. Becker, 502 F.3d 122, 127 (2d Cir. 2007)); United States v. Linder, 552 F.3d 391, 396-97 (4th Cir. 2009) (holding a defendant "may not circumvent a proper ruling on his Booker challenge on direct appeal by re-raising the same challenge in a § 2255 motion."); United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001) ("It is well established that a § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal." (internal quotation marks omitted)); DuPont v. United States, 76 F.3d 108, 110 (6th Cir. 1996) (same).

Here, Defendant raised in his direct appeal the argument he advances now; i.e., that he was "unlawfully induced" through threats of force or fear to enter a guilty plea, and the district court failed to inquire about the voluntariness of his plea. (See Gonzaga, No. 10-50369, Opening Br. (Doc. No. 16) at 11, 12, 16, 17; see also Mot. at 8 ("This issue is raised in an appeal from sentence [sic] now pending in the [Ninth Circuit].").) In response, the Ninth Circuit affirmed the guilty plea and sentence, holding that "[a]lthough

the district court erred in its plea colloquy" by not inquiring whether Defendant's "guilty plea was the result of force or threats," Defendant nevertheless "failed to establish a reasonable probability that, but for the error, he would not have entered the plea." <u>Gonzaga</u>, 2011 WL 5357535, at *1. Accordingly, as Defendant raised, and the Ninth Circuit rejected, this argument on appeal, he cannot raise the argument in his § 2255 Motion. <u>Ramirez</u>, 327 F. App'x at 752; <u>Redd</u>, 759 F.2d at 701.

The Court therefore DENIES Defendant's Motion as to the second ground for relief.

As both of Defendant's grounds for relief fail, the Court DENIES Defendant's § 2255 Motion WITH PREJUDICE.

Dated: May 24, 2012

                                      VIRGINIA A. PHILLIPS
                                  United States District Judge